## In re COUNTRYMAN.

(District Court, N. D. Iowa, W. D. January 8, 1903.)

1. BANKRUPTCY—DISCHARGE—GROUNDS FOR REFUSAL.

A bankrupt cannot be denied a discharge because of a failure to schedule land which he conveyed three years before the passage of the bankruptcy act, unless it is clearly shown that he really owned the same or an interest therein at the time of the filing of the petition in bankruptcy. That the conveyance was without consideration, and that creditors might have subjected the land to their debts, is no ground for refusal of a discharge.

In Bankruptcy.   On petition for discharge, and objections thereto.

George H. Bliven and J. W. Hallam, for bankrupt.

Sullivan & Griffin, for creditors.

SHIRAS, District Judge.   From the evidence submitted in this case it appears that in October, 1888, the title to 80 acres of land in Woodbury county, Iowa, passed to the bankrupt by a deed from one G. D. Pence.   In October, 1895, the bankrupt conveyed the title to this land to her husband, Lewis Countryman.   On August 29, 1902, Mrs. Countryman was adjudged a bankrupt on her own petition, and, upon the filing by her of a petition for discharge, three of the creditors filed specifications in opposition thereto, on the ground that the·debts due them were created while the title to the 80 acres was in the name of the bankrupt, that the transfer to the husband was made without consideration and in fraud of creditors, and that in fact the bankrupt is yet the owner of the property and should have scheduled the same as part of her estate, and that she failed to include the same in the list of her property.

The evidence shows that the land was conveyed by the bankrupt to her husband in 1895, nearly three years before the enactment of the bankrupt act.   The only ground on which it could be possibly claimed that this transfer constitutes a reason for refusing the discharge is that in fact she retains an interest in the realty, of such a nature that she should have included the same in her schedules, for if, at the time the petition in bankruptcy was filed, she had no actual or valuable interest therein, the fact that she did not include the same in the schedules would not be sufficient reason for holding that she had made a false oath in connection therewith.   The question is not whether the creditors, whose debts were created while the title of the land stood in her name, could not subject the land to the payment of their claims on the ground that the transfer to her husband was without consideration.   As already stated, the conveyance of the realty to the husband was made in 1895, yet the creditors have not sought to enforce the payment of their claims against the land, either by independent action or through the trustee in bankruptcy.   Under these circumstances, in order to defeat the discharge, it must be clearly shown that, when the petition in bankruptcy was filed, the bankrupt really owned the land or an interest therein, and this the evidence fails to show.   The conveyance to the husband, even if it was not based upon a money or other valuable consideration, would be good between the parties, and would bar a claim thereto by the wife, unless it was shown that when the transfer was made she retained an actual interest therein.   There is nothing in the evidence justifying the claim that she retained the ownership of the land, except testimony of statements made by her in 1896 to the effect that she still owned the land.   This testimony as to these statements is denied by the bankrupt, and the evidence as a whole does not show that in truth the bankrupt made a false oath in swearing to the schedules, which did not include the land in question.

The discharge will therefore be granted, on usual terms.